UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME KOLLAR,<br>                Defendant. | **SEALED INFORMATION**<br><br>25 Cr.<br><br>25CRIM584 |

### COUNT ONE
**(Conspiracy to Commit Bank Fraud and Wire Fraud Affecting a Financial Institution)**

The United States Attorney charges:

1. From at least in or about 2018 through at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344, and to commit wire fraud, which affected a financial institution, in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that JEROME KOLLAR, the defendant, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, KOLLAR, while the Chief Financial Officer ("CFO") of Tricolor Holdings, LLC ("Tricolor"), agreed to make and cause to be made a series of false statements to multiple financial institutions regarding Tricolor's financial condition and the existence, nature,

and value of its pledged loan collateral in order to fraudulently obtain money for Tricolor from those financial institutions.

3. It was further a part and an object of the conspiracy that JEROME KOLLAR, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, KOLLAR, while the CFO of Tricolor, agreed to make and cause to be made a series of false statements to lenders, including multiple financial institutions, regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those lenders, and sent and received, and caused others to send and receive, emails, telephone calls, videoconferences, and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

### COUNT TWO
### (Bank Fraud)

The United States Attorney further charges:

4. From at least in or about 2018 through at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets,

securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, KOLLAR, while the CFO of Tricolor, engaged in scheme to make a series of false statements to multiple financial institutions regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those financial institutions.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE
### (Wire Fraud Affecting a Financial Institution)

The United States Attorney further charges:

5. From at least in or about 2018 through at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, KOLLAR, while the CFO of Tricolor, engaged in scheme to make a series of false statements to lenders, including multiple financial institutions, regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those lenders, and caused others to send and receive, emails, telephone calls, videoconferences, and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (False Statements to a Financial Institution)

The United States Attorney further charges:

6. From at least in or about 2018 through at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, knowingly made a false statement and report, and willfully overvalued land, property, and security, for the purpose of influencing the action of an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, and insurance agreement and application for insurance and a guarantee, and a change and extension of the same, by renewal, deferment of action and otherwise, and the acceptance, release and substitution of security therefor, to wit, KOLLAR, while the CFO of Tricolor, made a series of false statements to multiple financial institutions, including those with deposits insured by the Federal Deposit Insurance Corporation, regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those financial institutions.

(Title 18, United States Code, Sections 1014 and 2.)

## COUNT FIVE
### (Conspiracy to Commit Securities Fraud)

The United States Attorney further charges:

7. From at least in or about 2018 up to and including at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of

Federal Regulations, Section 240.10b-5.

8.      It was a part and an object of the conspiracy that JEROME KOLLAR, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of a means and an instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, KOLLAR, while the CFO of Tricolor, agreed to engage in a scheme to make material misrepresentations to investors in Tricolor's asset-backed securities and to others involved in the securitization of those assets regarding the collateral backing the securities and Tricolor's financial condition and to misappropriate investor funds and collateral for Tricolor's own use.

### Overt Acts

9.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: On or about March 1, 2025, a coconspirator not charged herein executed a sale and servicing agreement with respect to a Tricolor asset-backed securitization.

(Title 18, United States Code, Section 371.)

## COUNT SIX
(Securities Fraud)

The United States Attorney further charges:

10. From at least in or about 2022 up to and including at least in or about 2025, in the Southern District of New York and elsewhere, JEROME KOLLAR, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KOLLAR, while the CFO of Tricolor, engaged in a scheme to make material misrepresentations to investors in Tricolor's asset-backed securities regarding the collateral backing the securities and Tricolor's financial condition and to misappropriate investor funds and collateral for Tricolor's own use.

(Title 15, United States Code, Sections 78j(b), 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT SEVEN
(Destruction of Records)

11. In or about 2025, in the Northern District of Texas and elsewhere, JEROME KOLLAR, the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the

jurisdiction of a department and agency of the United States, and in relation to and in contemplation of such a matter, to wit, KOLLAR deleted Tricolor documents with the intent to impede, obstruct, and influence a future criminal investigation or proceeding.

(Title 18, United States Code, Sections 1519 and 2.)

## FORFEITURE ALLEGATIONS

12. As a result of committing the offenses alleged in Counts One, Two, Three, and Four of this Information, JEROME KOLLAR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

13. As a result of committing the offenses alleged in Count Five and Six of this Information, JEROME KOLLAR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

*[signature]*

JAY CLAYTON
United States Attorney